**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

RICQUELLE JONES,

    Plaintiff,

v.

MEDILODGE OF STERLING HEIGHTS,

    Defendants.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Suite 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com
Kara@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff Ricquelle Jones ("Plaintiff"), by and through her attorneys, HURWITZ LAW PLLC, and states the following:

### INTRODUCTION

1. Ricquelle Jones was employed by Defendant MediLodge of Sterling Heights. After discovering that her pregnancy was ectopic, Plaintiff requested and was granted a medical leave of absence pursuant to the Family Medical Leave Act

(FMLA). However, when she returned less than two weeks later, she faced criticism and discipline for her pregnancy-related medical appointments. Despite being given multiple medical notes from Plaintiff's physicians, Defendant terminated her immediately after her return from a pregnancy-related medical leave.

## PARTIES AND JURISDICTION

2. Plaintiff is an individual who resided in Michigan at all times relevant to the claims in this lawsuit.

3. Defendant MediLodge of Sterling Heights is a provider of long-term skilled nursing care company with its principal place of business in Sterling Heights, Michigan. Defendant is located within this judicial district.

4. Plaintiff's claims arise out of Defendant's violation of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Elliott-Larsen Civil Rights Act ("ELCRA") 28 U.S.C. § 1367, the PWDCRA, MCL 37.1101 *et seq.* and the recently enacted Pregnant Workers Fairness Act ("PWFA").

5. The United States District Court for the Eastern District of Michigan has federal question jurisdiction over Plaintiff's claims under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.* and supplemental jurisdiction of the ELCRA and PWDCRA claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b)(1), as it is the district where Defendant regularly conducts business, and all parties are residents of Michigan.

7. Plaintiff received a Right to Sue letter from the EEOC.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates by reference herein the allegation contained in the foregoing paragraphs.

9. Plaintiff is a female who was employed by Defendant in November 2023.

10. On February 18, 2024, Plaintiff discovered that she was pregnant and informed Defendant that same week.

11. After further medical examination by her physician, it became clear that Plaintiff's pregnancy was ectopic, which is a severe pregnancy complication that can cause the death of the mother and means that the pregnancy cannot be saved.

12. When Plaintiff informed Defendant of this tragic news, Defendant originally stated that Plaintiff could take all of the medical leave needed for her medical appointments.

13. However, this support faded quickly and instead turned to hostility.

14. Plaintiff took a leave of absence to have her ectopic pregnancy medically treated and was cleared to return to work on March 9, 2024.

15. Plaintiff sent Defendant an email attaching a medical note from her physician, Dr. Gina Newsome, regarding her to return to work.

16. Plaintiff's condition required her to have weekly blood drawn for the following three months, and as a result of this Plaintiff was intermittently late to work after her medical appointments.

17. For each of these appointments, Plaintiff provided Defendant with supporting medical documentation.

18. However, despite the medical necessity of her intermittent late mornings, Plaintiff was frequently met with snide comments and complaints from her managers.

19. Rather than the support she was promised, Plaintiff was told that Defendant did not have to accept medical notes.

20. On April 10, 2024, Plaintiff was rushed to the hospital emergency room following a complication related to her pregnancy.

21. Plaintiff was hospitalized and was unable to work that day, and she quickly informed Defendant.

22. The very next day, Plaintiff received a call from Defendant terminating her employment effective immediately.

23. Defendant's actions violate well-established state and federal law that prohibits employers from discriminating and retaliating against employees under these circumstance.

## COUNT I
## FAMILY AND MEDICAL LEAVE ACT OF 1993 ("FMLA")
## RETALIATION

24. Plaintiff incorporates by reference herein the foregoing paragraphs.

25. Plaintiff was eligible for leave under the FMLA because Defendant consented to Plaintiff's medical leave of absence.

26. Defendant was a covered employer for the purposes of the FMLA because it employs more than 50 people and has done so for more than 20 work weeks in the current and preceding calendar year. 29 C.F.R. §825.104.

27. Plaintiff engaged in protected activity when she took medical leave for her pregnancy.

28. Plaintiff suffered an adverse employment action when she was terminated.

29. Plaintiff was retaliated against for taking a medical leave.

30. Defendant's actions were knowing and willful.

31. Plaintiff has suffered feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and

embarrassment, and the physical effects associated therewith, and will so suffer in the future, as a direct and proximate result.

32. Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future, as a direct and proximate result of the violation.

## COUNT II
## SEX AND GENDER DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 EQ SEQ.

33. Plaintiff hereby realleges and incorporates by reference all paragraphs above.

34. Defendant employed Plaintiff within the meaning of the Elliott-Larsen Civil Rights Act, MCL 37.2010 et seq. ("ELCRA").

35. The Defendant is an employer within the meaning of the ELCRA.

36. The Elliott-Larsen Civil Rights Act (ELCRA) explicitly prohibits discrimination based on sex, which includes pregnancy, childbirth, or related medical conditions M.C.L.A. 37.2201).

37. Under ELCRA, employers are prohibited from discharging or otherwise discriminating against an individual with respect to employment because of sex, which encompasses pregnancy and related medical conditions. M.C.L.A.

37.2202.

38. Additionally, the ELCRA mandates that individuals affected by pregnancy must be treated the same for employment-related purposes as other individuals who are similar in their ability or inability to work M.C.L.A. 37.2202.

39. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff was harmed, and continues to be harmed, in that she has suffered economic and non-economic loss, including but not limited to: lost wages; damages to professional reputation; emotional distress; outrage, humiliation; indignity and disappointment.

**COUNT III**
**FAILURE TO ACCOMMODATE IN VIOLATION OF**
**THE PREGNANT WORKERS FAIRNESS ACT OF 2023**

40. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

41. The Pregnant Workers Fairness Act prohibits employers from failing to provide reasonable accommodations for the known limitations of an employee, unless such an accommodation would cause an undue hardship to the employer.

42. The Pregnant Workers Fairness Act applies to employees with physical or medical conditions related to, affected by, or arising out of pregnancy, childbirth, or related medical conditions.

43. Plaintiff is an employee within the meaning of Title VII, the Pregnancy

Discrimination of and the Pregnant Workers Fairness Act and belongs to a class protected under the statute, namely she is/was pregnant.

44.  Defendant is an employer within the meaning of Title VII, the Pregnancy Discrimination of and the Pregnant Workers Fairness Act.

45.  To request a reasonable accommodation, the employee must communcicate to the employer that they need an adjustment or change at work due to their pregnancy, childbirth, or related medical conditions.

46.  An employee may use plain language and need not mention the Pregnancy Workers Fairness Act.

47.  Plaintiff spoke to Defendant diretly to inform it of her ectopic pregnancy, a medical condition clearly related to her pregnancy.

48.  Plaintiff informed Defendant of her physician's medical advice to have weekly blood draws for the following three months, which caused her intermittent late mornings.

49.  Plaintiff's abundantly reasonable requested accommodation was supported by medical documentation and would not have presented any form of undue hardship for Defendant.

50.  Defendant failed to provide Plaintiff with her abundantly reasonable requested accommodation by terminating her after using the medical leave.

51.  Defendant intentionally discriminated against Plaintiff by terminating

her employment because of or on the basis of pregnancy, violating the Pregnancy Workers Fairness Act.

## COUNT II
## PERSONS WITH DISABILITIES CIVIL RIGHTS ACT ("PWDCRA") DISABILITY DISCRIMINATION

52. Plaintiff incorporates by reference the foregoing paragraphs.

53. Plaintiff has a "disability" within the meaning of MCL § 37.1103(d).

54. Plaintiff was regarded as having a disability under MCL § 37.1103(d)(iii).

55. Plaintiff requested medical leave for her medical conditions.

56. Defendant retaliated against her for her medical conditions when she was terminated.

57. Defendant discriminated against her on account of her "actual or perceived" disability when she was terminated.

58. Defendant's actions were knowing and willful.

## COUNT III
## PERSONS WITH DISABILITIES CIVIL RIGHTS ACT ("PWDCRA") RETALIATION

59. Plaintiff incorporates by reference the foregoing paragraphs.

60. Plaintiff has a "disability" within the meaning of MCL § 37.1103(d).

61. Plaintiff was regarded as having a disability under MCL § 37.1103(d)(iii).

62. Plaintiff engaged in protected activity when she took protected medical leave.

63. Defendant retaliated against her for having a medical condition by terminating her.

64. Defendant's actions were knowing and willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. Judgment against Defendant in the amount of Plaintiff's injunctive relief, declaratory judgment, liquidated damages, punitive damages, and attorney fees under the FMLA, Title VII, ELCRA and PWDCRA.

B. Award Plaintiff appropriate equitable relief, compensatory damages, and exemplary damages;

C. Appropriate civil penalties;

D. All costs, attorneys' fees, and interest incurred prosecuting this claim; and

E. All further relief as the Court deems just and equitable.

> Respectfully submitted
> Hurwitz Law, PLLC
>
> _/s/ Noah S. Hurwitz_
> Noah S. Hurwitz (P74063)
> Attorney for Plaintiff

Dated: April 21, 2025

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

RICQUELLE JONES,

    Plaintiff,

v.

MEDILODGE OF STERLING HEIGHTS,

    Defendants.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Suite 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com
Kara@hurwitzlaw.com

---

## **JURY DEMAND**

NOW COMES Plaintiff Ricquelle Jones, by and through her attorneys, HURWITZ LAW, PLLC, and hereby demands a trial by jury of the issues in the above-captioned cause of action.

    Respectfully submitted,
    Hurwitz Law PLLC.

    */s/ Noah S. Hurwitz*
    Noah S. Hurwitz (P74063)
    Attorney for Plaintiff

Dated: April 21, 2025